# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

OSS NOKALVA, INC.,

          Plaintiff,

v.

EUROPEAN SPACE AGENCY,

          Defendant.

HON. MARY L. COOPER
Civil Action No. 08-3169 (MLC) (TJB)

Return Date:  October 5, 2009

Oral Argument Requested

(Document Electronically Filed)

---

## DEFENDANT EUROPEAN SPACE AGENCY'S BRIEF IN SUPPORT
## OF ITS MOTION TO STAY PROCEEDINGS PENDING APPEAL

---

Elliot D. Ostrove
DAY PITNEY LLP
P.O. Box 1945
Morristown, NJ  07962-1945
(973) 966-6300
Attorneys For Defendant
European Space Agency

83204953A01090209

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ............................................................................................................ii

SPECIAL APPEARANCE ............................................................................................................. 1

PRELIMINARY STATEMENT ..................................................................................................... 2

PROCEDURAL HISTORY AND RELEVANT FACTS ................................................................ 2

ARGUMENT .................................................................................................................................. 4

I.     THE EUROPEAN SPACE AGENCY IS ENTITLED TO A STAY OF
ALL LITIGATION PROCEEDINGS IN THE DISTRICT COURT
PENDING THE RESOLUTION OF ITS APPEAL TO THE UNITED
STATES COURT OF APPEALS FOR THE THIRD CIRCUIT ........................................ 4

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

*Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998) .......................................3

*Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196 (3d Cir. 1988) ................................4

*Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979).......................................................................4

*Forsyth v. Kleindienst*, 700 F.2d 104 (3d Cir. 1983).................................................................4, 5

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ..................................................................................4

*Walker v. Horn*, 286 F.3d 705 (3d Cir. 2002)................................................................................2


**STATUTES**

22 U.S.C. § 288, et seq. (2009)...............................................................................................2, 3, 5

28 U.S.C. § 1446, et seq. (2009) ....................................................................................................3

**RULES**

Fed. R. Civ. P. 12...........................................................................................................................2

## SPECIAL APPEARANCE

The European Space Agency ("ESA"), makes this Special Appearance solely for the limited purpose of continuing to contest this Court's jurisdiction over this matter. Accordingly, this Special Appearance should not be construed as constituting either ESA's consent to jurisdiction, or its waiver of immunity, with respect to this matter.

## PRELIMINARY STATEMENT

ESA submits this brief in support of its motion to stay all proceedings in the District Court pending the resolution of its appeal of the Order of the Honorable Mary L. Cooper, U.S.D.J., entered on August 6, 2009, denying ESA's motion to dismiss the claims asserted by plaintiff OSS Nokalva, Inc.'s ("OSSN") Complaint pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted (the "Order"). It remains ESA's position, as set forth in its motion to dismiss, that ESA is entitled to absolute immunity from suit, including suit such as the one brought here by OSSN, pursuant to the International Organizations Immunities Act ("IOIA"), 22 U.S.C § 288 *et seq.* (2009). As set forth in Judge Cooper's Memorandum Opinion, also entered on August 6, 2009 (the "Memorandum Opinion"), the Court agrees that ESA is entitled to absolute immunity pursuant to the IOIA. The Court, however, also concluded that ESA waived that immunity. ESA disagrees. ESA has therefore appealed from that portion of the Memorandum Opinion finding that ESA waived its statutorily-conferred absolute immunity. As set forth in greater detail below, because "absolute immunity creates not only protection from liability, but also a right not to stand trial," ESA's motion to stay the proceedings in the District Court should be granted. *Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002).

## PROCEDURAL HISTORY AND RELEVANT FACTS

### The Instant Case

On May 22, 2008, OSSN filed a Complaint against ESA in the Superior Court of New Jersey, Law Division, Somerset County, asserting, among other things, claims alleging breach of certain license agreements that ESA and OSSN had entered into. Plaintiff's Complaint at ¶¶5-10. On June 27, 2008, ESA removed this matter to the District of New Jersey pursuant to

- 2 -

28 U.S.C. § 1446 *et seq.* Declaration of Elliot D. Ostrove, dated September 2, 2009 (hereinafter, "Ostrove Decl.") at ¶3.

The European Space Agency's Motion to Dismiss

Shortly after removing this matter to the District of New Jersey, on July 3, 2008, ESA filed its motion to dismiss, contending that OSSN's claims should be dismissed because the IOIA confers absolute immunity to ESA from suit and judicial process. Ostrove Decl. at ¶4. That motion was stayed for several months in order to permit the parties to participate in mediation before the Honorable John C. Lifland, U.S.D.J. (Ret). Ostrove Decl. at ¶¶5-7. When the mediation proved unsuccessful, the court reinstated ESA's motion. Ostrove Decl. at ¶¶7-8. On August 6, 2009, the Court entered both the Order as well as the Memorandum Opinion, denying ESA's motion. Ostrove Decl. at ¶9.

In the Memorandum Opinion, the Court, agreeing with ESA, concluded that ESA is entitled to absolute immunity pursuant to the IOIA, as that statute has been interpreted by the Court of Appeals for the District of Columbia in *Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998). Memorandum and Opinion at p. 9. The Court, however, also concluded that ESA had waived its absolute immunity. Memorandum and Opinion at p. 16.

ESA has now filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit, appealing both the order as well as that portion of the Memorandum Opinion finding that ESA waived its absolute immunity. Ostrove Decl. at ¶12, Ex. A. Third Circuit precedent requires a stay of proceedings where, as is the case here, the appeal sought regards a denial of a party's claim of immunity from suit. ESA, therefore, respectfully submits that its motion for a stay pending the resolution of its appeal should be granted.

**ARGUMENT**

I.    **THE EUROPEAN SPACE AGENCY IS ENTITLED TO A STAY OF ALL LITIGATION PROCEEDINGS IN THE DISTRICT COURT PENDING THE RESOLUTION OF ITS APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT.**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket...." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988), *quoting, Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  Where a denial of absolute immunity has been appealed to the Court of Appeals, as has been done in the matter *sub judice*, the Third Circuit has stayed the District Court proceedings until the appeal has been decided. *See Forsyth v. Kleindienst*, 700 F.2d 104 (3d Cir. 1983) (*Forsyth II*).

In *Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979) (*Forsyth I*), former Attorney General John Mitchell appealed the district court's denial of his motion for summary judgment based on absolute immunity. *Id.* at 1205.  The Third Circuit remanded plaintiff's case to the district court for application of the Third Circuit's newly articulated test for whether an Attorney General's decision to authorize warrantless wiretaps is protected by absolute immunity.[1] *Id.*  On remand, and after applying the Third Circuit's test, the district court concluded that Mitchell was not entitled to absolute immunity, and once again denied his motion for summary judgment. *Forsyth II*, 700 F.2d at 105.  The district court also entered summary judgment in favor of the plaintiff and against the defendant as to liability. *Id.*  Mitchell therefore moved before the district court for certification of the liability issue, as well as a stay pending his appeal of the district

---

[1] Plaintiff had alleged constitutional and statutory violations against various defendants, including Mitchell, stemming from Mitchell's authorization of a warrantless wiretap. *Forsyth II*, 700 F.2d at 105.

court's denial of absolute immunity. *Id.* The district court denied both motions and Mitchell appealed. *Id.*

On appeal, the Third Circuit reiterated that, as it had held in *Forsyth I*, "the absolute immunity defense, like that of double jeopardy…protected the right not to be subject to trial," and was therefore immediately appealable. *Forsyth II*, 700 F.2d at 105 (explaining that Mitchell's "right to an immediate appeal…accrued on denial of his motion for summary judgment."). The Third Circuit continued: "[a]s the Supreme Court had made clear, absolute immunity protects the right not to be subjected to trial – a right that is lost if appellate review awaits final adjudication." *Id.* The court reasoned that "[i]t follows therefore, that a stay must be granted or the defendant will be deprived of the benefits of adjudication before trial." *Id.* Consequently, the Third Circuit concluded that "defendant's motion for a stay of proceeding in the district court is granted." *Id.* at 106.

Here, Judge Cooper has determined that, while ESA is entitled to absolute immunity pursuant to the IOIA, ESA waived that immunity. Memorandum Opinion at p. 16. It is ESA's position that it has not waived the absolute immunity conferred upon it pursuant to the IOIA. As set forth above, the Court's finding that ESA's absolute immunity was somehow waived confers upon ESA the right to immediately appeal the Order and Memorandum Opinion. Similarly, and pursuant to *Forsyth II*, it follows that a stay must be granted to ESA until appellate review of the District Court's denial of absolute immunity to ESA has concluded.

## **CONCLUSION**

For the foregoing reasons, defendant European Space Agency respectfully requests that the Court grant its motion to stay proceedings pending resolution of its appeal.

DAY PITNEY LLP
Attorneys for Defendant
European Space Agency

By: _____

ELLIOT D. OSTROVE
A Member of the Firm

Dated:  September 2, 2009